T.C. Summary Opinion 2006-139

UNITED STATES TAX COURT

FRANCIS E. AND LINDA A. FALCONE, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13041-04S.              Filed September 12, 2006.

Francis E. & Linda A. Falcone, pro sese.

<u>Jason M. Kuratnick</u>, for respondent.


GOLDBERG, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue.

Respondent determined a deficiency in petitioner's Federal income tax of $1,983 for the taxable year 2002.  The single issue

for decision is whether petitioners are liable for the deficiency due to the alternative minimum tax provided by section 55.  We hold that they are.

### Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference.  At the time the petition was filed, petitioners resided in Mount Laurel, New Jersey.

Petitioners timely filed their 2002 Federal income tax return but failed to attach Form 6251, Alternative Minimum Tax - Individuals, to their return.  On March 31, 2004, at respondent's request, petitioners submitted Form 6251 on which they calculated the amount of alternative minimum tax due for the 2002 taxable year.  Upon review of petitioners' Form 6251, respondent discovered several mathematical errors.  After these errors were corrected, respondent in the notice of deficiency determined that the correct amount of alternative minimum tax due from petitioners is $1,983.

The parties agree that errors were made on the Form 6251 submitted by petitioners and that respondent's computation of the amount of alternative tax due from the petitioners for the 2002 taxable year is correct.  Petitioners nonetheless dispute the amount of the deficiency and state in their petition that they

should not be required to pay the deficiency because of the unfairness of the alternative minimum tax.

### Discussion

Petitioners' sole challenge to the proposed deficiency is that the alternative minimum tax, as applied to them, is inherently unfair. At trial, petitioners argued that although they know that the Court has no authority to usurp the role of the Congress, they would like the Court nonetheless to relieve them of their Federal income tax obligations so as to 'make a statement' that would spawn a thorough and complete legislative review of the alternative minimum tax.

The Court has consistently and repeatedly rejected challenges to proposed deficiencies based on the fairness of the alternative minimum tax. Kenseth v. Commissioner, 259 F.3d 881 (7th Cir. 2001), affg. 114 T.C. 399 (2000); Merlo v. Commissioner, T.C. Memo. 2005-178; see also Alexander v. Commissioner, 72 F.3d 938 (1st Cir. 1995), affg. T.C. Memo. 1995-51; Okin v. Commissioner, 808 F.2d 1338 (9th Cir. 1987), affg. T.C. Memo. 1985-199; Warfield v. Commissioner, 84 T.C. 179 (1985); Huntsberry v. Commissioner, 83 T.C. 742 (1984). Accordingly, we sustain respondent's proposed deficiency.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered for respondent.